## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DEANDRE D. WALTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-cv-00058-SPM |
| ) | |
| TERRON L MURPHY, et al., ) | |
| ) | |
| Defendants. ) | |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff DeAndre D. Walton, an inmate at the Eastern Reception Diagnostic and Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the motion is granted and plaintiff will be assessed an initial partial filing fee of $1.50. On initial review of the amended complaint, the case is stayed and administratively closed.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will

forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted his inmate account statement from the Missouri Department of Corrections from November 12, 2024 to February 12, 2025. Based on this information, the Court determines his average monthly deposit is $7.50. The Court will charge plaintiff an initial partial filing fee of $1.50, which is twenty percent of his average monthly deposit.

**Legal Standard on Initial Review**

The Court is required to review a complaint filed without full payment of the filing fee and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its fact." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. That standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The

Court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

## Background

Based on a review of Missouri's state court online docketing system, on May 22, 2022, a grand jury in the City of St. Louis returned a five-count felony indictment against plaintiff. Plaintiff was charged with two counts of murder, two counts of armed criminal action, and unlawful possession of a firearm. *See State v. Walton*, No. 2222-CR00369-01 (22nd Jud. Cir. filed May 24, 2022). Those charges stem from the murder of two men on February 28, 2022.

In the underlying state court criminal prosecution, plaintiff filed motions to suppress evidence and statements, both of which were denied on February 21, 2024. On the same day, plaintiff filed a written waiver of counsel, but at a hearing on February 26, 2024, the state court found that plaintiff had not knowingly and intelligently waived his right to counsel. He was appointed new counsel through the Missouri State Public Defender System.

At trial, a jury found plaintiff guilty on all counts. The state court sentenced him to life without parole plus two consecutive 15-year terms of imprisonment. *Id.* Plaintiff filed a direct appeal, which is still pending. *State v. Walton*, No. ED 112976 (Mo. Ct. App. Sept. 20, 2024).

## The Amended Complaint

Plaintiff brings this § 1983 action, alleging defendants Terron Murphy, Brandon LeGrand, and Carmesha Calhoun violated his rights to be free of false arrest. He states that defendant officers deceived him by asking him to report to the north patrol police station to view a criminal lineup, when he was actually a suspect wanted for questioning. Once he arrived at the patrol station,

officers stated that they wanted him to view a lineup at the police headquarters, and he was transported downtown. Plaintiff asked officers whether he was under arrest, and he was told that he was not. At headquarters, officers took plaintiff's belt and emptied his pockets, and took him to a room to be questioned. Again, plaintiff asked if he was under arrest and the officers told him no.

Plaintiff's factual allegations end at this point. It is not clear when he was given his *Miranda* rights, when he waived his rights, and exactly what transpired. But, at some point, officers showed plaintiff footage from a video surveillance camera and plaintiff admitted to being the shooter in the video. He was charged and convicted of two counts of murder, two counts of armed criminal action, and a firearms offense arising out of the events captured in the video.

For his injuries, he states he suffered weight fluctuations, stress, high blood pressure, and gallstones. For damages, plaintiff seeks $5 million in damages and the suspension of the officers involved in the incident.

**Discussion**

In *Wallace v. Kato*, the Supreme Court observed that, where a plaintiff files a civil claim that is related to rulings that will likely be made in a pending or anticipated criminal action, it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). Otherwise, the Court and the parties are left to speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession. *Id.* at 393 (quoting *Heck v. Humphrey*, 12 U.S. 477, 487 n.7 (1994)).

Plaintiff's § 1983 claim is related to plaintiff's criminal charges that are on direct appeal in state court. *See State v. Walton*, No. ED 112976 (Mo. Ct. App. Sept. 20, 2024). The arrest and interrogation plaintiff claims violated his constitutional rights occurred during the investigation that led to his murder and gun charges. Plaintiff's claims are related to rulings that will likely be made in plaintiff's pending appeal. *Wallace*, 549 U.S. at 393. As such, the principles of comity and judicial economy dictate that the case should be stayed until the underlying criminal matter against plaintiff has been fully resolved. *See e.g.*, *Vonneedo v. Dennis*, 2017 WL 5904005, at *2 (E.D. Mo. Nov. 30, 2017) (staying a § 1983 case alleging unconstitutional search and seizure under principles articulated in *Wallace v. Kato*); *Anderson v. Robinson*, 2013 WL 4502598, at *1 (E.D. Mo. Aug. 22, 2013) (same).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**. [ECF No. 4]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include on it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the direct appeal pending in state court in *State v. Walton*, No. ED 112976 (Mo. Ct. App. Sept. 20, 2024).

**IT IS FURTHER ORDERED** that plaintiff must notify the Court in writing about the final disposition of the direct appeal pending in state court in *State v. Walton*, No. ED 112976 (Mo. Ct. App. Sept. 20, 2024).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of plaintiff's direct appeal of his criminal conviction and may be reopened by plaintiff's fling of a motion to reopen the case after such final disposition.

Dated this 7th day of   May, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE